UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CORNELIUS JUNIOR HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:09CV81 LMB |
| ) | |
| CITY OF CARUTHERSVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 1032105), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.26. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, as well as plaintiff's supplemental documents, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $16.28, and an average monthly balance of $.13. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.26, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken

for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: the City of Caruthersville; Jeff Cotner

(police officer for the City); Jamie Jones (pastor); Latonya Lane (plaintiff's ex-wife); John Lane (Missouri parole officer/plaintiff's ex-brother in law); and Timothy Houck (state public defender).

Plaintiff alleges that his ex-brother in law, defendant John Lane, told his sister (and plaintiff's ex-wife), Latonya Lane, about plaintiff's HIV status and she, in turn, called plaintiff's grandmother and revealed plaintiff's HIV positive status. Plaintiff believes that defendant John Lane also falsely told others he was having unprotected sex.

Plaintiff claims that defendant (pastor) Jamie Jones, the owner of the "recovery house" he was staying in after his release from jail, told some of plaintiff's friends and co-workers that he was HIV positive in an attempt to get him to stay at the recovery house.[1] Plaintiff also states that he believes Jones was encouraging his cousin, Ms. Stoutweed Larry, to make the false statement that plaintiff was having unprotected sex with her. Apparently as a result of Ms. Larry's purportedly false statements, plaintiff was charged with the intentional infection of another with HIV.

Plaintiff claims that a "statement" he made in his ongoing criminal case[2] to defendant Cotner, with regards to John and Latonya Lane's behavior, as well as

---

[1] Plaintiff refers to Jones as a "pastor" and owner of the "recovery house." Plaintiff does not allege that Jones was a state actor.

[2] See State of Missouri v. Harris, No. 08F2-CR00555-2.

defendant Jones' behavior, was "taken off" the statement by defendant Cotner. Plaintiff believes his assertions regarding the Lane's "violation of his right to privacy," as well as Jones' alleged false statements, should have been enough to have his ongoing criminal case dismissed.

Lastly, plaintiff claims that his public defender, defendant Houck, told him not to contact any eye witnesses in relation to his criminal case, which plaintiff believes to be a mistake.

## Discussion

Plaintiff's claims against defendants John Lane, Cotner, and the City of Caruthersville are subject to dismissal. Governmental officials may be sued under § 1983 in their official capacity, individual capacity, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). In a §1983 action, the general rule in the Eighth Circuit is that the plaintiff must clearly indicate whether he or she is suing the defendants in their official capacities or individual capacities. Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989). When a plaintiff does not articulate the capacity in which he or she intends to sue the defendants, case law directs the district court to presume that the defendants are being sued only as government officials. Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007); Artis v. Francis Howell N. Ban Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995).

In this case, plaintiff's complaint is silent as to whether he is suing defendants Lane and Cotner in their individual or official capacity. Therefore, the Court must presume that plaintiff is only suing defendants in their official capacity. It is well-settled, however, that in a § 1983 action, the Eleventh Amendment precludes an award of money damages against a state official acting in his or her official capacity. Will v. MI. Dept. Of State Police, 491 U.S. 58, 66-67 (1998); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Larson v. Kemper, 414 F.3d 936 (8th Cir. 2005). Accordingly, plaintiff's claims against defendant John Lane, a state parole officer, are subject to dismissal. Plaintiff's claims against the City of Caruthersville and defendant Cotner are also subject to dismissal because plaintiff has not pleaded that a policy or custom of the City of Caruthersville is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978) (naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official so in order to state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation).

Plaintiff's claims against defendants Latonya Lane and Jamie Jones are also subject to dismissal. Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under

color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id. Plaintiff has not stated a cause of action against his ex-wife, defendant Latonya Lane, or defendant Jamie Jones because neither of these individuals are state actors and/or have not been alleged to have been acting under color of state law.

Even if plaintiff had sued defendant Lane individually, plaintiff would not have a claim for relief for violation of a right to privacy regarding his HIV status, as in the Eighth Circuit, there is not yet recognized a clearly established right to privacy in a person's HIV status. See, e.g., Tokar v. Armontrout, 97 F.3d 1078, 1084 (8th Cir. 1996) (affirming a grant of qualified immunity to prison officials who disclosed a prisoner's HIV status in holding that there was no clearly established constitutional right to nondisclosure of HIV status) ; see also, Bailey v. County of Kittson, 2008 WL 906349, *7 (D. Minn. March 31, 2008) (recognizing the lack of clearly established law in the Eighth Circuit); Doe v. Wigginton, 21 F.3d 733, 740 (6th Cir. 1994) (holding that sergeant's disclosure of inmate's HIV infection did not violate the Constitution because "the Constitution does not encompass a general right to nondisclosure of private information"); but see Doe v. Delie, 257 F.3d 309, 315-16 (3rd Cir. 2001) and Powell

v. Schriver, 175 F.3d 107, 112 (2nd Cir. 1999) (holding that a prisoner's right to maintain confidentiality of previously undisclosed medical information may be impinged if prison officials' actions are "reasonably related to penological interests"). Additionally, plaintiff's claims with regard to his allegedly falsified statement in his ongoing criminal case are barred under Heck v. Humphrey. 512 U.S. 477, 486-87 (1994) (A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.); see also, Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Moreover, plaintiff's claims against his public defender, defendant Houck, fail to state a claim upon which relief can be granted because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.26 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his

remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of August, 2009.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE